UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-03271-KK-DTBx** | Date: | September 22, 2026 |
| Title: | ***Kennedy Bosco v. Tenet Healthcare Corporation et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute**

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. See Fed. R. Civ. P. 4(m). Generally, a defendant must answer the complaint within 21 days after service, or 60 days if the defendant is the United States. See Fed. R. Civ. P. 12(a). In addition, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Finally, pursuant to the Court's Civil Standing Order, "motions for default judgment shall be filed no later than 14 days after the later of (1) entry of default against the last remaining defendant, or (2) resolution of all claims against all defendants who have not defaulted." Civil Standing Order at 10.

In the present case, it appears that one or more of these time periods has not been met as to one or more defendants. Specifically:

☒ Proof of service of the summons and complaint

☐ Answer by the defendant or an application for entry of default pursuant to Federal Rule of Civil Procedure 55(a)

☐ Motion for default judgment set for hearing in accordance with the Local Rules and the Court's Civil Standing Order

On July 13, 2026, the Court granted Plaintiff's request to proceed in forma pauperis. Dkt. 9.

On August 4, 2026, Plaintiff lodged a Proposed Form USM-285, Process Receipt and Return. Dkt. 14. On the same day, the Clerk of the Court notified Plaintiff of deficiencies in the filing. Dkt. 15. In particular, the operative complaint Plaintiff submitted was for a different case. See id. On August 11, 2026, the Court struck the filing pursuant to the Notice of Deficiency, id. Dkt. 16.

Additionally, on August 8, 2026, Plaintiff lodged a proposed Order Directing Service of Process by the United States Marshal. Dkt. 17. However, Plaintiff filed no motion requesting the Court to order the United States Marshals Service to perfect service on Defendants.

Plaintiff has filed nothing further with the Court.

Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing **no later than fourteen (14) days from the date of this Order** why this action should not be dismissed for lack of prosecution as to those defendant(s).

It is Plaintiff's responsibility to respond promptly to all Orders and to prosecute the action diligently, including filing proofs of service and stipulations extending time to respond. If necessary, Plaintiff must also pursue Rule 55 remedies promptly upon the default of any defendant. All stipulations affecting the progress of the case must be approved by this Court. See C.D. Cal. L.R. 7-1.

No oral argument of this matter will be heard unless ordered by the Court. The Order will stand submitted upon the filing of a written response.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice as to one or more defendants for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**