JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-03271-KK-DTBx** | Date: | October 28, 2026 |
|---|---|---|---|
| Title: | ***Kennedy Bosco v. Tenet Healthcare Corporation, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute**

## I. PROCEDURAL HISTORY

On June 10, 2026, pro se plaintiff Kennedy Bosco ("Plaintiff") filed a Complaint against defendants Tenet Healthcare Corporation, Trusted Resource Associates LLC, and JFK Memorial Hospital, Inc. (collectively, "Defendants"). ECF Docket No. ("Dkt.") 1. On July 13, 2026, the Court granted Plaintiff's request to proceed in forma pauperis. Dkt. 9.

Plaintiff failed to file proof of service of the summons and complaint within 90 days of the Complaint being filed. Hence, on September 22, 2026, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed for failure to prosecute because Plaintiff failed to timely file proof of service of the summons and Complaint to Defendants. Dkt. 18, OSC. In the OSC, the Court further explained "Plaintiff lodged a proposed Order Directing Service of Process by the United States Marshal," but "filed no motion requesting the Court to order the United States Marshals Service to perfect service on Defendants." Id. at 2.

On October 7, 2026, Plaintiff filed a Response informing the Court he intended for the United States Marshals Service to effect service on Defendants, Dkt. 19, however, Plaintiff failed to file a request for United States Marshals Service. Accordingly, on October 13, 2026, the Court issued an order stating "to the extent Plaintiff seeks an extension of time to file a proof of service of summons and complaint and/or U.S. Marshal's service, Plaintiff must file a proper request that complies with all applicable rules," "no later than 7 days from the date of th[e] Order." Dkt. 20.

The Court explicitly warned Plaintiff "failure to comply with this Order will result in dismissal of this action for failure to prosecute." Id. (citing Fed. R. Civ. P. 41(b)). The OSC was not discharged. Id.

To date, Plaintiff has not filed nothing further. Plaintiff is, therefore, in violation of the Court's October 13, 2026 Order. See id.

## II.
## DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not complied with the Court's October 13, 2026 Order, Dkt. 20. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkts. 18, 20. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown Plaintiff is either unwilling or unable to comply

with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see Dkt. 20.

## III.
## CONCLUSION

Accordingly, this action is **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**